423 So.2d 126 (1982)
Mrs. Jane PORTER
v.
Dr. Shanti PANDEY, et al.
No. 53499.
Supreme Court of Mississippi.
December 8, 1982.
Banks & Nichols, Coolidge C. Anderson, Jackson, for appellant.
Adams, Forman, Truly, Ward, Smith, & Bramlette, R. Kent Hudson, Natchez, for appellee.
Before SUGG, ROY NOBLE LEE and DAN M. LEE, JJ.
SUGG, Presiding Justice, for the Court:
This appeal is from an order of the Jefferson County Circuit Court sustaining a demurrer filed by Jefferson County Hospital to appellant's amended declaration.
In June, 1980, appellant filed her amended declaration against the Jefferson County Hospital, appellee here, Dr. Pandey, three other doctors, and an assistant to an anesthesiologist, charging that her son's death was the result of the negligence of the defendants. Before trial, according to the brief of appellant, appellant settled the case against all the individual defendants leaving appellee as the only remaining defendant.
Appellant alleged in her amended bill of complaint that her son, Michael Shay Porter, was admitted to the Jefferson County Hospital on March 4, 1974, and that she engaged the services of Dr. Shanti Pandey to diagnose and treat her son's illness. At the time of admission her son was nauseated, vomiting and suffered from shortness of breath. Dr. Pandey was selected and employed by appellant and undertook to treat her son while he was a patient in the Jefferson County Hospital. Dr. Pandey's treatment consisted of the administration of antibiotics, X-ray and other drugs. Appellant's son remained in the Jefferson County Hospital for three days, and at the insistence of appellant, Dr. Pandey transferred him to the Jefferson Davis Memorial Hospital in Natchez and placed him under the care of another physician. The physician diagnosed the patient's problem as a ruptured appendix requiring immediate surgery. A surgeon was engaged to perform the operation and an anesthesiologist and his assistant were engaged to administer the anesthetic necessary for the operation. Appellant's son suffered a cardiac arrest while in surgery and died. Appellant alleged in her declaration that Dr. Pandey was guilty of negligence as follows:
Dr. Pandey failed to properly diagnose and treat Michael Shay Porter's condition; failed to have control of and exercise the requisite knowledge and skill for the treatment and diagnosis of Michael Shay Porter's condition; failed to consult with any experts and seek their assistance if Michael Shay Porter's illness was outside of her knowledge and skill for diagnosis and treatment; failed to properly *127 attend Michael Shay Porter during the time of this care and failed to prevent deterioration of his condition by not giving proper orders for his care.
Appellant alleged the negligence of appellee in the following language:
Jefferson County Hospital failed to properly select, train and supervise Dr. Pandey or any other of its employees rendering care to Michael Shay Porter.
There is no allegation that any of the nursing staff of the Jefferson County Hospital committed any negligent act or omission or failed to properly attend appellant's son. Neither are there any allegations that any of the hospital's employees failed to carry out any order given them by Dr. Pandey who was the treating physician.
Appellant's principal argument for liability on the part of the Hospital is that it failed to supervise Dr. Pandey in the diagnosis and treatment of her son.
By statute the right to practice medicine in this state may be granted only to qualified persons after examination by the State Board of Medical Licensure. Sections 73-25-1, et seq., Mississippi Code Annotated (1972 as amended). Hospitals are not authorized to engage in the practice of medicine.
Appellant relies on cases cited in 12 A.L.R. 4th 57 (1982) where liability has been imposed on a hospital on the theory of the hospital's negligence in failing to review, supervise, or require consultation about the treatment given by an attending physician where the situation indicates that the hospital had opportunity for such review but failed to exercise it, or that its servants were negligent in failing to call the attention of the proper hospital authorities to the inadequacy of the treatment being given.
Appellant states in her brief that the doctrine of respondeat superior is not at issue but seeks to hold the hospital liable for the death of her son on the theory advanced in the cases heretofore referred to.
The hospital's only contact with appellant's son was that he was admitted as a patient by Dr. Pandey, the attending physician. Of course, the hospital was under a duty to carry out the orders of the attending physician but the amended declaration does not charge the hospital with failure to carry out the orders of the attending physician. Succinctly stated, appellant charged Dr. Pandey with negligence for failing to properly diagnose and treat her son and based the hospital's negligence on its failure to supervise Dr. Pandey in her diagnosis and treatment.
As previously noted, our statutes provide that a license to practice medicine may be issued only to a duly qualified person and there is no statutory authority which permits a hospital to diagnose and order treatment for a patient. Appellant is urging this Court to impose a duty on a hospital to supervise the attending physician of a patient, and in effect, to second guess the attending physician's diagnosis and treatment. If we were to impose that duty on hospitals, hospitals would then be required to engage in the practice of medicine contrary to our statute. This we decline to do.
We therefore hold that the demurrer was properly sustained because the amended declaration failed to state a cause of action against the hospital.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.